# HANAMIRIAN LAW FIRM
MAIN STREET TO WALL STREET

October 25, 2018

*Via Electronic Filing*
Honorable Lewis A. Kaplan, U.S.D.J.
United States Courthouse
500 Pearl Street, Courtroom 21B
New York, NY 10007

Re:   In re: Customs and Tax Administration of the Kingdom of Denmark (SKAT) Tax Refund Litigation, Docket Number 18-md-2865 (LAK)

SKAT v. Acorn Capital Corporation Employee Profit Sharing Plan, et al
District of New Jersey (Transferred): 3:18-cv-10464

SKAT v. Cambridge Way LLC Sharing Plan, et al
District of New Jersey (Transferred): 3:18-cv-10465

SKAT v. Tveter LLC Pension Plan, et al
District of Connecticut (Transferred): 3:18-cv-00985

Dear Judge Kaplan:

Pursuant to this Court's Pretrial Order No. 4 dated October 10, 2018, this letter serves as an application of John M. Hanamirian of Hanamirian Law Firm, P.C., located in New York and New Jersey, for an appointment as Co-Lead Counsel on behalf of the Defendants consolidated pursuant to the October 3, 2018 Order (the "Transfer Order") of the U.S. Judicial Panel on Multidistrict Litigation with respect to the above-captioned matter (the "Consolidated Action").

I am in receipt of a copy of Mr. Allison's Request for Appointment as Lead Counsel in the above-captioned matter. I communicated with Mr. Allison in advance of his Request for Appointment to discuss what I perceived as the necessity to assure that all parties' common and potentially divergent interests are effectively accounted for and represented in this Consolidated Action.

I too am a tax litigator, beginning with a Clerkship in the United States Tax Court in 1989. I hold an advanced degree in taxation form Georgetown University Law Center and have been practicing civil and criminal tax litigation for 29 years, trying cases in the United States Tax



Court, the various United States Federal District Courts and representing clients in all facets and phases of the civil tax administrative process and criminal tax pre-indictment proceedings.

The Consolidated Action stems from a form of investment vehicle that began in other Countries, including Germany and Switzerland. There are active civil and criminal proceedings in both Germany and Switzerland. I act as (1) lead domestic United States counsel in those cases in Germany and Switzerland; (2) as co-counsel with German counsel in the German-based claims or investigations; (3) as co-counsel in Switzerland with the Swiss-based claims or investigations; and (4) as lead counsel for my clients in the domestic United States Internal Revenue Service/Department of Labor proceedings or inquiries related to the claims arising in those international proceedings. I have acted in those roles since 2012.

The described criminal and civil proceedings in Germany and Switzerland and domestic Internal Revenue Service/Department of Labor inquiries, each focus on certain pension plans' participation in an investment vehicle structure internationally that is similar to the investment structure the subject of the Consolidated Action. Those claims vary in form, but are nearly identical to those presented by SKAT. The SKAT claims, are, however, presented in a different manner and with different underlying statutory provisions serving as the bases for the challenge.

I have a depth of knowledge in the claims underlying the Consolidated Action that may be greater than the other persons involved, not because of intellect, of course, but rather, because of the experience I have accumulated and the necessity to be versant over a sustained period of time, namely the past 6 years. I have to defend the clients I have in the Consolidated Action regardless of whether I am appointed as Co-Lead Counsel; the designation does not change that necessity. I believe, however that those client's interests, and the Defendant group as a whole, will be best served if I have a voice in the process as opposed to a role as an outlier.

In the Consolidated Action, despite the filing of 140 or so cases, there are many Defendant pension plans with the same trustee-client, so they are each essentially a single claim. As a result, the number of Defendants in the Consolidated Action should not be dispositive to the Appointment of Lead Counsel, but rather only act as a factor This is not to minimize Mr. Allison or his role at any level or in any manner. I respect Mr. Allison and his ability. I understand, however, that the objective of creating the role of Lead Counsel is to present efficiently the interests of all of the Defendants. I have previously identified that Mr. Allison's clients may have different defenses than those I may present on behalf of my clients. Mr. Allison's clients may not have a necessity to consider the same, or any, of the collateral or parallel consequences internationally or domestically of the Consolidated Action. I believe, however, that having the 6 years of experience in actively defending similar matters and a consciousness of the actual proceedings, investigations and claims, both internationally and domestically, can only act to benefit all of the members of the Defendant group. Allowing me and Mr. Allison to work together, which I am certain we can do given our most recent history, will effectively eliminate the potential confusion associated with the presentation of multiple defense theories from

# HANAMIRIAN LAW FIRM
MAIN STREET TO WALL STREET

multiple counsel and simultaneously advance and protect the varied interests of the Defendant group as a whole.

Thank you for your consideration of my Request for Appointment as Co-Lead Counsel.

Respectfully,

John M. Hanamirian

JMH/lmt