**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re SKAT TAX REFUND SCHEME LITIGATION<br><br>This document relates to: All Cases | MASTER DOCKET<br>18-cv-4047 (LAK) |

## FED. R. CIV. P. 26(f) JOINT REPORT AND DISCOVERY PLAN

On July 2, 2018 at 2:00 p.m. EDT via telephone conference, the following parties

(collectively "the Parties") to this action conferred on the topics outlined in this report and discovery

plan:

- Hughes Hubbard & Reed LLP, counsel for Plaintiff SKAT;

- Caplin & Drysdale, Chartered, counsel for Defendants listed in Exhibit A;

- Kostelanetz & Fink LLP, counsel for Defendants Sterling Alpha LLC 401(K) Profit
  Sharing Plan, John C. Doscas, Del Mar Asset Management Saving & Retirement Plan,
  and David W. Freelove;

- Williams & Connolly LLP, counsel for Defendant Sander Gerber Pension Plan;

- Gusrae Kaplan & Nusbaum PLLC, counsel for Defendants Goldstein Law Group PC
  401(K) Profit Sharing Plan and Sheldon Goldstein; and

- Morvillo Abramowitz Grand Iason & Anello P.C., counsel for Defendant Adam LaRosa.

Dates Complaints Filed: See Exhibit B

Dates Complaints Served: See Exhibit B

Dates of Defendants' Appearances: See Exhibit B

## I.    CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed

the nature and basis of the Parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    JURISDICTION

### A.  Subject Matter Jurisdiction

Plaintiff asserts that pursuant to 28 U.S.C. § 1332(a)(4), this Court has jurisdiction over all claims because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between an agency or instrumentality of a foreign state and citizens of a state or of different states.

Defendants do not concur that the Court has or should exercise subject matter jurisdiction over all the claims.

### B.  Personal Jurisdiction

Personal jurisdiction does not appear to be an issue for most defendants but is still being evaluated on a case-by-case basis.[1]

## III.   BRIEF DESCRIPTION OF THE CASE, INCLUDING THE CLAIMS AND DEFENSES

Plaintiff SKAT filed 140 similar complaints in eleven different judicial districts. Forty-nine of these complaints were filed in this Court between May 4, 2018 and June 14, 2018. All the cases in this district were assigned to the Honorable Lewis A. Kaplan. On June 26, 2018, Judge Kaplan issued Pretrial Order No. 1, Docket Entry ("D.E.") 16 (the "June 26, 2018 Pretrial Order") in this matter. Pursuant to the June 26, 2018 Pretrial Order, all 49 of these actions in this Court are

---

[1] The complaints name as defendants entities that may have been dissolved and/or may not be an appropriate defendant. A reference by counsel that it represents such an entity is not a statement or admission that such entity can be sued, can be served, is appearing/waiving any defense, can be represented, or is represented by counsel.

consolidated for all pretrial purposes.  (D.E. 16, para. 1).

### A.      Plaintiff's Claims

The complaints allege that between 2012 and 2015, Plaintiff SKAT received fraudulent requests for tax refunds from several agents on behalf of pension plans in the United States, including the Defendants in the 49 present actions in the United States District Court for the Southern District of New York.  (*SKAT v. Bradley London Pension Plan and Doston Bradley*, 1:18-cv-04047-LAK, Compl.¶ 5.)   The claimants, through their agents, are alleged to have submitted false documentation to SKAT representing that they owned substantial shares in Danish companies, had earned substantial dividends for which tax had been withheld, and other documentation representing that the claimants were entitled to a tax refund. (Compl.¶ 5.)

A double taxation treaty between Denmark and the United States allows for refund of tax withheld on dividends paid by Danish companies to U.S. pension plans, which are exempt from taxation.  (Compl.¶ 22.)   According to SKAT, the Defendants each submitted refund claims seeking the full 27% withholding tax that had allegedly been withheld from distributions on shares of Danish companies the claimants purported to own.  (Compl.¶ 23.)   Based on the allegedly fraudulent tax refund claims submitted by the Defendants in the present 49 actions, SKAT asserts that it paid baseless withholding tax refund claims of approximately $281,651,000 (US).[2]

### B.      Defendants' Defenses

Defendants are still in the process of determining what defenses to assert and will assert their defenses at the time required by the Federal Rules of Civil Procedure, but anticipate that their defenses could include, but not be limited to, the denial of any claimed wrongful conduct or

---

[2] Plaintiff SKAT reserves its right to assert other claims or theories of liability in accordance with the Federal Rules of Civil Procedure, the Local Rules of Civil Procedure, and the Orders of the Court.

knowledge thereof, lack of any misrepresentation, lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, failure to state a claim, failure to plead with particularity, failure to join a necessary party, statute of limitations, laches, contributory negligence, estoppel, waiver, release, assumption of risk, accord and satisfaction, res judicata, unclean hands, consent, failure to mitigate damages, failure to exhaust administrative remedies, good faith, comparative fault of third parties, lack of equity, contribution, causation, acquiescence and statutory compliance. Defendants reserve the right to assert any other defenses, as well as counterclaims, as permitted by the Federal Rules of Civil Procedure or otherwise.

## IV.    STATEMENT OF UNDISPUTED FACTS

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The Parties are continuing to work on determining which facts are not in dispute.

## V.    CASE MANAGEMENT PLAN

### A. Defendants' Joint Motion to Dismiss

Defendants' counsel have advised the Court of their intention to move to dismiss the complaints. Pursuant to the June 26, 2018 Pretrial Order, any such motion shall be filed on or before August 15, 2018. Defendants shall file a single joint memorandum of law in support of said motion except to the extent that any individual defendant or smaller groups of defendants raise issues that are not common to all, in which case that defendant or those groups may file a memorandum or memoranda raising the issues unique to it or them, as the case may be. Plaintiff shall file any opposing papers no later than September 30, 2018. Defendants shall file their reply memorandum or memoranda no later than October 30, 2018. (D.E. 16, para. 7).

### B. Early Settlement Conference

The Parties certify that they have considered the desirability of attempting to settle the

case before undertaking significant discovery or motion practice.

The Parties do not request an early settlement conference.

If a settlement conference is scheduled, the Parties prefer a settlement conference with the Magistrate Judge Robert W. Lehrburger.

The Parties do not request a referral for alternative dispute resolution pursuant to S.D.N.Y. L. Civ. R. 83.9.

**C. Joinder of Parties and Amendment of Pleadings**

Upon consent of the parties, and pursuant to the June 26, 2018 Pretrial Order:

1. No additional parties may be joined without good cause after January 20, 2019.

2. No amendments to the pleadings shall be permitted without good cause after March 31, 2019.

## VI. DISCOVERY PLAN

**A. Rule 26(a) Initial Discovery Disclosures**

Plaintiff proposes that the Parties agree to exchange the initial disclosures required under Fed. R. Civ. P. 26(a)(1) no later than August 8, 2018.

The Defendants propose that initial disclosures be made within 14 days following the Court's review of the Defendants' motion to dismiss (as expected on August 15, 2018) and determination that the Defendants must respond to Plaintiff's discovery requests. Defendants view this schedule as consistent with the Court's June 26, 2018 Pre-Trial Order and reflects the difficulty of gathering such potentially substantial information across the significant number of Defendants.

**B. Anticipated Discovery**

The Parties set forth separately below the topics on which they believe discovery is necessary. Neither Plaintiff nor Defendants express any opinion at this time as to the

appropriateness of the other's position.

    1.  <u>Plaintiff's Statement</u>

Plaintiff believes that discovery will be needed on at least the following topics: (1) whether Defendants made false representations regarding their ownership of shares in Danish companies by means of any untrue statement of material fact or any omission to state a material fact; (2) whether Defendants owned shares in the Danish companies in which Defendants purported to own shares; (3) the circumstances of Defendants' ownership of shares and receipt of dividends from the Danish companies in which Defendants purported to own shares; (4) whether Defendants were paid any dividends from Danish companies in which they purported to own shares and from which Defendants purported to have received dividends; (5) whether Defendants had any tax withheld on the dividends they purported to receive from Danish companies; (6) the extent to which Defendants communicated about the tax refund scheme with each other, or with other non-parties, and the nature of those communications; (7) whether Defendants engaged in a common scheme with each other and/or non-parties; (8) the disbursement of the refund amounts paid by SKAT to the payment agents on behalf of the Defendants; (9) whether and to what extent Defendants and/or non-parties transferred or redirected to any and all third parties any amount of, or fee related to, the refund amounts Defendants or their agents received from SKAT; (10) information concerning Defendant pension funds, including their investment strategies and holdings, and the circumstances of their establishment (and, if applicable, dissolution), including any successor entities; (11) the amount of Defendants' unjust earnings from their wrongful conduct; (12) expert witness reports or testimony relied upon by Defendants; (13) discovery necessary to address any issues raised by Defendants' motions to dismiss; and (14) Defendants' defenses.

Plaintiff intends to call expert witnesses at trial.

    2.  <u>Defendants' Statement</u>

In the event that Defendants' motion to dismiss is denied, they jointly anticipate that discovery will be needed on, among other subjects: (1) information regarding allegedly false representations, (2) SKAT's internal processes and deliberations regarding the payment of the tax refunds, (3) SKAT's reliance on the alleged misrepresentations, (4) the state of knowledge of Danish regulators regarding the dividend claims and implementation of the regulations, (5) SKAT's practices of paying other similar refund claims from other parties, and (6) the amount of the refunds and other injury claimed, if any.  The Defendants point out that this discovery will likely involve complicated issues relating to the countries and languages in which this discovery may have to be conducted.

The Defendants intend to call expert witnesses at trial.

### C.  Whether Discovery Should Be Conducted In Phases Or Be Limited To Or Focused Upon Particular Issues

The Parties do not propose that discovery be phased or limited to or focused on particular issues.

### D.  Discovery Limits

Unless altered by subsequent agreement of the Parties or court order, the Parties agree that each Party shall be limited to:

1. Each Defendant is subject to deposition by the opposing side, and Plaintiff is entitled to an additional 30 depositions of fact witnesses.  Defendants are entitled to 10 depositions of Plaintiff (as Plaintiff is a governmental entity with multiple employees) and 30 depositions of fact witnesses.

2. Each party is subject to 25 interrogatories (including subparts) by the opposing side.

3. Requests for Admission:

    a. Plaintiff's Proposal:  Plaintiff may make 20 requests for admission to each Defendant.  Each Defendant may make 10 requests for admission to SKAT that are specific to the claims against or defenses asserted by that Defendant, and Defendants, as a group, may make 10 additional requests for admission to SKAT.

    b. Defendants' Proposal:  Each party is subject to 25 requests for admission by the opposing side.  Plaintiff is subject to 25 requests for admission by each Defendant.

**E.  Discovery Schedule**

The Parties agree that discovery will begin at the instruction of the Court as set forth in the June 26, 2018 Pretrial Order.

Upon consent of the Parties, and pursuant to the June 26, 2018 Pretrial Order, the following schedule shall govern further proceedings in this case:

1. Plaintiff may serve interrogatories under Fed. R. Civ. P. 33 and requests to production of documents under Fed. R. Civ. P. 34 at their convenience.

2. Defendants shall serve any objections to any interrogatories and requests for production within thirty (30) days after the service upon them of such interrogatories and document requests.  Defendants, however, will not be obliged to produce requested documents or answers to interrogatories to which no objections have been interposed unless otherwise ordered by the Court, a determination that the Court expects to make following its initial review of defendants' motion to dismiss.

3. The Parties shall make required Rule 26(a)(2) disclosures with respect to:

    a. Expert witnesses on or before July 14, 2019.

    b.  Rebuttal expert witnesses on or before September 15, 2019.

4.  All discovery, including any depositions of experts, shall be completed on or before October 31, 2019.

5.  A joint pretrial motion in the form prescribed by Judge Kaplan's individual practices shall be filed on or before December 15, 2019. No motion for summary judgment shall be served after the deadline fixed for submission of the joint pretrial order. The filing of a motion for summary judgment does not relieve the Parties of the obligation to file the pretrial order on time.

The Parties further agree that:

1.  Each party shall serve their requests for admission under Fed. R. Civ. P. 36 by September 15, 2019. Objections and responses to such requests for admission are due thirty (30) days after the request is served.

2.  Each party will certify on or before October 31, 2019 that it has completed production of all documents responsive to any document requests served, subject to objections on the scope and production.

3.  The period for fact witness depositions shall commence by two (2) months after discovery commences.

4.  The period for expert witness depositions shall commence on the date of the exchange of rebuttal expert reports.

5.  The Parties shall meet and confer on the scope of expert document discovery.

6.  A damages analysis will be provided by any party who has a claim or counterclaim for damages by no later than one (1) month before the deadline for completion of all discovery.

**F.  Preservation and Production of Electronically Stored Information**

Undersigned counsel have discussed the preservation and production of electronically stored information (ESI) in this matter, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of ESI, appropriate steps to preserve ESI, and the allocation of costs of assembling and producing such information. The Parties anticipate finalizing a protocol for production of such documents in due course.

### G. Confidentiality and Protective Order

Undersigned counsel have discussed discovery procedures to minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production.

The Parties will submit to the Court an order under Federal Rule of Evidence 502(d) to protect against waiver of the attorney-client privilege and the work product doctrine.

The Parties agree to include in a confidentiality order that will be submitted to the Court a claw-back provision/agree to the following claw-back procedure:

1. In order to decrease the delay and burden of production, any party or non-party (the "Producing Parties") may produce information without substantial initial review for, but without waiving, the attorney-client privilege or other privileges or protections, including but not limited to attorney-work product, or deliberative process, with the understanding that the Producing Parties reserve their rights to assert such privileges or protections in the future.

2. The production, whether inadvertent or otherwise, of information subject to the attorney-client privilege, attorney work product protection or any other privilege, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

3. The Confidentiality Order shall be interpreted to provide the maximum protection allowed by Rule 502(d) of the Federal Rules of Evidence.

The Parties agree that they must disclose on a privilege log any information they withhold from production based on privilege or work product protection. The Parties will describe in the privilege log the nature of the withheld information as required by FRCP 26(b)(5)(A) so that the other parties can assess the privilege claim.

### H. Written Discovery and Document Productions

The Parties agree that interrogatories shall be governed by the limits set forth in Fed. R. Civ. P. 33 and Local Rule 33.3, unless such limits are subsequently modified by agreement of the Parties or by further order of the Court.

## II.   PRETRIAL SCHEDULE

The Parties agree to the following pretrial schedule:

| Date | Event |
|---|---|
| August 8, 2018 [As proposed by Plaintiff] <br> 14 days following the Court's order for Defendants to respond to discovery requests [As proposed by Defendants] | Deadline to exchange initial FRCP 26(a)(1) disclosures |
| August 15, 2018 | Deadline for Defendants' motion to dismiss |
| September 30, 2018 | Deadline for Plaintiff to file opposing papers |
| October 30, 2018 | Deadline for Defendants' reply memoranda |
| January 20, 2019 | Deadline for joinder of additional parties |
| March 31, 2019 | Deadline for amending pleadings |
| July 14, 2019 | Deadline to make FRCP 26(a)(2) disclosures with respect to expert witnesses |
| September 15, 2019 | Deadline to make FRCP 26(a)(2) disclosures with respect to rebuttal expert witnesses |
| September 15, 2019 | Deadline to serve requests to admit |
| October 31, 2019 | Completion of discovery |
| December 15, 2019 | Deadline to file joint pretrial order |
| December 15, 2019 | Deadline to serve summary judgment motion |

## III.   TRIAL READINESS

The case will be ready for trial by thirty (30) days after the filing of the joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

Date: July 16, 2018

CAPLIN & DRYSDALE,
CHARTERED


By: /s/ Mark D. Allison
Mark D. Allison
600 Lexington Avenue, 21st Floor
New York, NY 10022
Tel: (212) 379-6060
Fax: (860) 493-6290
E-mail: mallison@capdale.com




MORVILLO ABRAMOWITZ GRAND
IASON & ANELLO P.C.


By: /s/ Edward M. Spiro
Edward M. Spiro
565 Fifth Ave.
New York, NY 10017
Tel: (212) 856-9600
Fax: (212) 856-9494
E-mail: espiro@maglaw.com

Date: July 16, 2018

HUGHES HUBBARD & REED LLP


By: /s/ Sarah L. Cave
William R. Maguire
Marc A. Weinstein
Sarah L. Cave
John T. McGoey
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, NY 10004-1482
Tel.: (212) 837-6000
Fax: (212) 422-4726
Email: sarah.cave@hugheshubbard.com

*Attorneys for Plaintiff SKAT*

WILLIAMS & CONNOLLY LLP


By:  /s/ Stephen Andrews
Stephen Andrews
725 Twelfth Street, N.W.
Washington,  D.C.  20005
Tel: (202) 434-5291
Fax: (202) 434-5029
E-mail:  SAndrews@wc.com


KOSTELANETZ & FINK, LLP


By:  /s/ Bryan C. Skarlatos
Bryan C. Skarlatos
250 Greenwich St.
New York, NY 10007
Tel: (212) 808-8100
Fax: (212) 844-3500
E-mail:  bskarlatos@kflaw.com


GUSRAE KAPLAN & NUSBAUM PLLC


By:  /s Martin Kaplan
Martin Kaplan
120 Wall Street
New York, NY  10005
Tel: (212) 269-1400
Fax: (212) 809-4147
E-mail:  mkaplan@gusraekaplan.com

*Attorneys for Defendants*

| EXHIBIT A:  DEFENDANTS REPRESENTED BY CAPLIN & DRYSDALE, CHARTERED | |
|---|---|
| **Defendants' Names** | **Case Number** |
| Ackview Solo 401K Plan and Sean Driscoll | 1:18-cv-04900 |
| NYCATX LLC Solo 401K Plan and Carl Andrew Vergari | 1:18-cv-04898 |
| Sanford Villa Pension Plan and Roger Lehman | 1:18-cv-04767 |
| The Aria Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05147 |
| The Aston Advisors LLC 401K Plan and Roger Lehman | 1:18-cv-04770 |
| The Atlantic DHR 401K Plan and Doston Bradley | 1:18-cv-04430 |
| The Belforte Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05150 |
| The Bradley London Pension Plan and Doston Bradley | 1:18-cv-04047 |
| The Bravos Advisors 401K Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05151 |
| The Busby Black 401K Plan and Doston Bradley | 1:18-cv-04522 |
| The Canada Rock LLC 401K Plan and Doston Bradley | 1:18-cv-04531 |
| The Costello Advisors Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05158 |
| The DMR Pension Plan and Doston Bradley | 1:18-cv-04049 |
| The Dosmon BLY Pension Plan and Doston Bradley | 1:18-cv-05045 |
| The Eskin Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05164 |
| The Fieldcrest Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05180 |
| The Houston Rocco LLC 401K Plan and Doston Bradley | 1:18-cv-04050 |
| The India Bombay LLC 401K Plan and Doston Bradley | 1:18-cv-05057 |
| The ISDB Pension Plan and Doston Bradley | 1:18-cv-04536 |
| The KASV Group Pension Plan, Roger Lehman, and Svetlin Petkov | 1:18-cv-05309 |
| The Kodiak Capital Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05185 |
| The Krabi Holdings LLC 401K Plan and Gavin Crescenzo | 1:18-cv-05307 |
| The Kyber Pension Plan, Roger Lehman and Gavin Crescenzo | 1:18-cv-05186 |
| The LBR Capital Pension Plan and Doston Bradley | 1:18-cv-04052 |
| The Lerici Capital Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05188 |
| The Ludlow Holdings 401K Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05189 |
| The M2F Wellness LLC 401K Plan and Mitchell Protass | 1:18-cv-04890 |
| The Monin Amper Pension Plan and Doston Bradley | 1:18-cv-04538 |
| The MPQ Holdings LLC 401K Plan and Mitchell Protass | 1:18-cv-04892 |
| The NYC Stanismore Pension Plan and Doston Bradley | 1:18-cv-04541 |
| The Petkov Management LLC 401K Plan and Svetlin Petkov | 1:18-cv-05300 |
| The Petkov Partners Pension Plan, Roger Lehman, and Svetlin Petkov | 1:18-cv-05299 |
| The Proper Pacific LLC 401K Plan and Doston Bradley | 1:18-cv-04051 |
| The Regoleth Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05190 |
| The Saba Capital LLC 401K Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05192 |
| The Sector 230 LLC 401K Plan | 1:18-cv-04771 |
| The SPKK LLC 401K Plan, Roger Lehman, and Svetlin Petkov | 1:18-cv-05308 |
| The Stark Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05194 |
| The Stor Capital Consulting LLC 401K Plan, and Michael Ben-Jacob | 1:18-cv-04434 |
| The SVP 401K Plan, Roger Lehman, and Svetlin Petkov | 1:18-cv-05305 |
| The Texas Rocco LLC 401K Plan and Doston Bradley | 1:18-cv-04543 |
| The TKKJ LLC 401K Plan & Thomas Kertelits | 1:18-cv-04896 |
| The West River Pension Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05193 |
| The Westport Advisors LLC 401K Plan, Roger Lehman, and Gavin Crescenzo | 1:18-cv-05183 |

**Exhibit B:  Filing, Service, and Appearance Dates**

| Case Name | Case Number | Date Complaint Filed | Date Complaint Served | Date of Defendants' Appearances |
|---|---|---|---|---|
| SKAT v. Ackview Solo 401K Plan & Sean P. Driscoll | 1:18-cv-04900 | June 1, 2018 | June 26, 2018 (service waived) | June 7, 2018 |
| SKAT v. Del Mar Asset Mgmt. Sav. & Ret. Plan & David W. Freelove | 1:18-cv-05374 | June 14, 2018 | June 26, 2018 (service waived) | June 25, 2018 |
| SKAT v. NYCATX LLC Solo 401K Plan & Carl Andrew Vergari | 1:18-cv-04898 | June 1, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. Raubritter LLC Pension Plan & Adam LaRosa | 1:18-cv-04833 | May 31, 2018 | (Raubritter) June 21, 2018 (service attempted) (LaRosa) June 21, 2018 | (LaRosa) June 26, 2018 |
| SKAT v. Sander Gerber Pension Plan & John C. Doscas | 1:18-cv-04899 | June 1, 2018 | (Sander Gerber) June 15, 2018 (service waived) (Doscas) June 25, 2018 (service waived) | (Sander Gerber) June 15, 2018 (Doscas) June 25, 2018 |
| SKAT v. Sanford Villa Pension Plan & Roger Lehman | 1:18-cv-04767 | May 30, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. Sterling Alpha LLC 401(K) Profit Sharing Plan & John C. Doscas | 1:18-cv-04894 | June 1, 2018 | June 25, 2018 (service waived) | June 25, 2018 |
| SKAT v. The Aria Pension Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05147 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Aston Advisors LLC 401K Plan & Roger Lehman | 1:18-cv-04770 | May 30, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The Atlantic DHR 401K Plan & Doston Bradley | 1:18-cv-04430 | May 18, 2018 | June 26, 2018 (service waived) | June 21, 2018 |
| SKAT v. The Belforte Pension Plan, Roger Lehman & Gavin Crescenzo | 1:18-cv-05150 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Bradley London Pension Plan & Doston Bradley | 1:18-cv-04047 | May 4, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The Bravos Advisors 401K Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05151 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Busby Black 401K Plan & Doston Bradley | 1:18-cv-04522 | May 22, 2018 | June 26, 2018 (service waived) | June 7, 2018 |
| SKAT v. The Canada Rock LLC 401K Plan & Doston Bradley | 1:18-cv-04531 | May 22, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The Costello Advisors Pension Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05158 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The DMR Pension Plan & Doston Bradley | 1:18-cv-04049 | May 4, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The Dosmon BLY Pension Plan & Doston Bradley | 1:18-cv-05045 | June 6, 2018 | June 26, 2018 (service waived) | June 7, 2018 |
| SKAT v. The Eskin Pension Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05164 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Fieldcrest Pension Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05180 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Goldstein Law Group PC 401(K) Profit Sharing Plan & Sheldon Goldstein | 1:18-cv-05053 | June 6, 2018 | June 26, 2018 | June 26, 2018 |
| SKAT v. The Houston Rocco LLC 401K Plan & Doston Bradley | 1:18-cv-04050 | May 4, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The India Bombay LLC 401K Pension Plan & Doston Bradley | 1:18-cv-05057 | June 6, 2018 | June 26, 2018 (service waived) | June 7, 2018 |
| SKAT v. The ISDB Pension Plan & Doston Bradley | 1:18-cv-04536 | May 22, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The KASV Group Pension Plan, Roger Lehman, & Svetlin Petkov | 1:18-cv-05309 | June 12, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Kodiak Capital Pension Plan, Gavin Crescenzo, & Roger Lehman | 1:18-cv-05185 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Krabi Holdings LLC 401K Plan & Gavin Crescenzo | 1:18-cv-05307 | June 12, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Kyber Pension Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05186 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The LBR Capital Pension Plan & Doston Bradley | 1:18-cv-04052 | May 4, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The Lerici Capital Pension Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05188 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Ludlow Holdings 401K Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05189 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The M2F Wellness LLC 401K Plan & Mitchell Protass | 1:18-cv-04890 | June 1, 2018 | June 26, 2018 (service waived) | June 7, 2018 |
| SKAT v. The Monin Amper Pension Plan & Doston Bradley | 1:18-cv-04538 | May 22, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The MPQ Holdings LLC 401K Plan & Mitchell Protass | 1:18-cv-04892 | June 1, 2018 | June 26, 2018 (service waived) | June 7, 2018 |
| SKAT v. The NYC Stanismore Pension Plan & Doston Bradley | 1:18-cv-04541 | May 22, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The Petkov Management LLC 401K Plan & Svetlin Petkov | 1:18-cv-05300 | June 12, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Petkov Partners Pension Plan, Roger Lehman & Svetlin Petkov | 1:18-cv-05299 | June 12, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Proper Pacific LLC 401K Plan & Doston Bradley | 1:18-cv-04051 | May 4, 2018 | June 26, 2018 (service waived) | June 21, 2018 |
| SKAT v. The Regoleth Pension Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05190 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Saba Capital LLC 401K Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05192 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Sector 230 LLC 401K Plan | 1:18-cv-04771 | May 30, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The SPKK LLC 401K Plan, Roger Lehman, & Svetlin Petkov | 1:18-cv-05308 | June 12, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Stark Pension Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05194 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Stor Capital Consulting LLC 401K Plan & Michael Ben-Jacob | 1:18-cv-04434 | May 18, 2018 | June 26, 2018 (service waived) | June 25, 2018 |
| SKAT v. The SVP 401K Plan, Roger Lehman & Svetlin Petkov | 1:18-cv-05305 | June 12, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Texas Rocco LLC 401K Plan & Doston Bradley | 1:18-cv-04543 | May 22, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The TKKJ LLC 401K Plan & Thomas Kertelits | 1:18-cv-04896 | June 1, 2018 | June 26, 2018 (service waived) | June 6, 2018 |
| SKAT v. The West River Pension Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05193 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |
| SKAT v. The Westport Advisors LLC 401K Plan, Roger Lehman, & Gavin Crescenzo | 1:18-cv-05183 | June 8, 2018 | June 26, 2018 (service waived) | June 13, 2018 |