UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re SKAT TAX REFUND SCHEME LITIGATION<br><br>This document relates to:1:18-cv-05053-LAK | MASTER DOCKET<br>18-CV-4047 (LAK) |

# THE GOLDSTEIN LAW GROUP PC 401(K) PROFIT SHARING PLAN AND SHELDON GOLDSTEIN'S  MEMORANDUM OF LAW <u>IN SUPPORT OF MOTION TO SEVER</u>

Gusrae Kaplan Nusbaum PLLC
Martin H. Kaplan
120 Wall Street
New York, NY 10005
Tel: 212.269.1400
Fax: 212.809.4149

*Attorneys for Defendants*
*The Goldstein Law Group PC 401(K)*
*Profit Sharing Plan and Sheldon*
*Goldstein*

**TABLE OF CONTENTS**

| | | PAGE |
|---|---|---|
| P**RELIMINARY** S**TATEMENT**.................................................................. | | 2 |
| B**ACKGROUND**............................................................................................ | | 3 |
| A**RGUMENT**................................................................................................. | | 6 |
| I. | T**HE** C**LAIMS** D**O** N**OT** A**RISE** O**UT OF** T**HE** S**AME** T**RANSACTION OR** O**CCURRENCE**............................................... | 7 |
| II. | T**HE** C**LAIMS** P**RESENT** D**IFFERENT** Q**UESTIONS OF** F**ACT AND** L**AW AND** W**ILL** R**EQUIRE** D**IFFERENT** T**ESTIMONY AND** D**OCUMENTARY** P**ROOF**......................................................... | 9 |
| III. | S**EVERANCE IS** N**ECESSARY TO** P**REVENT** J**URY** C**ONFUSION** A**ND** P**REJUDICE**.............................................................................. | 10 |
| IV. | J**UDICIAL** E**CONOMY** W**ILL** B**E** S**ERVED** B**Y** S**EVERANCE**.................................................................................. | 12 |
| C**ONCLUSION**.............................................................................................. | | 12 |

## TABLE OF AUTHORITIES

| CASE | PAGE |
|---|---|
| *Cestone v. General Cigar Holdings, Inc.*, No. 00 Civ. 3686 (RCC), 2002 WL 424654.................................................... | 6, 12 |
| *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258 (D. Conn. 2012)......................................................... | 10 |
| *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154 (S.D.N.Y. 2009)....................................................... | 11 |
| *In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, 214 F.R.D. 152 (S.D.N.Y. 2003)........................................................ | 6, 7, 11 |
| *Kenvin v. Newburger, Loeb & Co.*, 37 F.R.D. 473 (S.D.N.Y. 1965).......................................................... | 7 |
| *Nassau Cnty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Casualty Co.*, 497 F.2d 1151 (2d Cir. 1974)................................................................ | 7 |
| *N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, (S.D.N.Y. 2015) .............................................................. | 6 |
| *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065 (2d Cir. 1988) ................................................................ | 6 |
| *Precision Assocs., Inc. v. Panalpina World Transp., (Holding) Ltd.*, No. CV-08-42 (JG)(VVP), 2013 WL 6481195 (E.D.N.Y. Sept. 20, 2013), *report and recommendation adopted*, 2014 WL 298594 (E.D.N.Y. Jan. 28, 2014)......... | 7 |
| *S.E.C. v. Pignatiello*, No. 97 Civ. 9303, 1998 WL 293988 (S.D.N.Y. June 5, 1998)................................ | 9, 10 |
| *SBO Pictures, Inc. v. Does*, No. 12 Civ. 3925 (SAS), 2012 WL 2034631, (S.D.N.Y. June 5, 2012)................................................ | 8 |

**STATUTE** **PAGE**

Fed. R. Civ. P. 20(a)(2).................................................................................... 7
Fed. R. Civ. P. 21............................................................................................. 6
Fed. R. Civ. P. 42(b) ........................................................................................ 6

The Goldstein Law Group PC 401(K) Profit Sharing Plan ("Goldstein Plan") and Sheldon Goldstein ("Goldstein"), by their attorneys Gusrae Kaplan Nusbaum PLLC, hereby submit this Memorandum of Law in support of their motion, pursuant to Rule 21 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), to sever all claims against the Goldstein Plan and Goldstein from the claims asserted against defendants The Bradley London Pension Plant et al, The DMR Pension Plan et al, the Houston Rocco LLC 401K Plan et al, The Proper Pacific LLC 401K Plan et al, The LBR Capital Pension Plan et al, The Atlantic DHR 401K Plan et al, The Stor Capital Consulting LLC 401K Plan et al, The Busby Black 401K Plan et al, The Canada Rock LLC 401K Plan et al, The ISDB Pension Plan et al, The Monin Amper Pension Plan et al, The NYC Stanismore Pension Plan et al, The Texas Rocco LLC 401K Plan et al, Sanford Villa Pension Plan, et al, The Aston Advisors LLC 401K Plan et al, The Sector 230 LLC 401K Plan et al, Raubritter LLC Pension Plan et al, The M2F Wellness LLC 401K Plan et al, The MPQ Holdings LLC 401K Plan et al, The TKKJ LLC 401K Plan et al, NYCATX LLC Solo 401K Plan et al, Sander Gerber Pension Plan et al, Ackview Solo 401K Plan et al, The Dosmon Bly Pension Plan et al, The India Bombay LLC 401K Pension Plan et al, The Aria Pension Plan et al, The Belforte Pension Plan et al, The Bravos Advisors 401K Plan et al, The Costello Advisors Pension Plan et al, The Eskin Pension Plan et al, The Fieldcrest Pension Plan et al, The Westport Advisors LLC 401K Plan et al, The Kodiak Capital Pension Plan et al, The Kyber Pension Plan et al, The Lerici Capital Pension Plan et al, The Ludlow Holdings 401K Plan et al, The Regoleth Pension Plan et al, The Saba Capital LLC 401K Plan et al, The West River Pension Plan et al, The Stark Pension Plan et al, The Petkov Partners Pension Plan et al, The Petkov Management LLC 401K Plan et al, The SVP 401K Plan et al, The Krabi Holdings LLC 401K Plan et al, The SPKK LLC 401K Plan et al, The KASV Group Pension Plan

et al and Del Mar Asset Management Savings & Retirement Plan et al (collectively, the "Defendants").[1,2]

## PRELIMINARY STATEMENT

Fundamentally, severance is necessary because the fair presentation of evidence regarding the subject transactions engaged in by the Goldstein Plan and Goldstein require a separate trial. Although the claims against the Goldstein Plan and Goldstein may arise out of facially similar transactions, the fundamental facts relating to the Goldstein Plan and Goldstein's transactions are materially distinguishable from the other Defendants. Separate documents, witnesses, testimony, procedures, business relationships and courses of dealing will be presented for the Goldstein Plan and Goldstein. Unlike the other Defendants, the Goldstein Plan and Goldstein conducted the subject transactions through a brokerage account maintained with ED & F Man Capital Markets, Ltd. ("ED & F"), a broker-dealer subject to laws and regulations of the United Kingdom, and, upon information and belief, on reliance on counsel for plaintiff's open court declarations, are unrelated to any of the alleged wrongdoers in this action. Moreover, neither the Goldstein Plan nor Goldstein had contact with (or connection to) any person alleged to have orchestrated the alleged fraudulent tax refund scheme amongst the other Defendants. The presentation of this distinguishing evidence at one trial will be lost amongst common evidence presented against the other 48 Defendants resulting in the Goldstein Plan and Goldstein being unjustly lumped together with the other 48 Defendants, despite material significant differences. The prejudice to the Goldstein Plan and Goldstein could not be overcome by Court issued limiting instructions because

---

[1] On June 26, 2018, the Court consolidated approximately forty-nine (49) cases filed on behalf of plaintiff SKAT ("SKAT" or "Plaintiff"). The Court authorized all Defendants to move to sever if appropriate.

[2] The Goldstein Plan and Goldstein reserve all their rights under Rule 11 of the Federal Rules of Civil Procedure.

2

the Court would essentially be directing the jury to disregard the majority of the evidence and testimony that will be presented because it will not apply to the Goldstein Plan and Goldstein. Such parsing of evidence and testimony by the jury would cause extreme prejudice to the Goldstein Plan and Goldstein and could not guarantee them a fair trial.

Judicial efficiency will be promoted by severance. The Court will only hear evidence and testimony relevant to the distinct issues alleged against the Goldstein Plan and Goldstein. While SKAT may present similar witnesses and testimony to prove its allegations, the Goldstein Plan and Goldstein will present unique evidence and testimony relating to its business relationships, records, transactions, data and communications with ED & F through which the Goldstein Plan transacted actual securities transactions. No evidence can be presented that demonstrates any credible link, let alone a conspiracy, between the Goldstein Plan and Goldstein and other Defendants.[3]

## BACKGROUND

This action is one of forty-nine (49) actions brought by SKAT in this jurisdiction arising out of certain alleged transactions engaged in separately by the Defendants.[4] Plaintiff contends that each of the 49 defendants appointed representatives and agents to apply to SKAT to claim repayments of taxes withheld on dividends which defendants claimed to have earned on shares of Danish companies.[5] Plaintiff alleges that such claims for repayment were fraudulent because the

---

[3] The Goldstein Plan maintained its brokerage and custody account with ED & F since 2012.

[4] Plaintiff has filed approximately ninety-one (91) other similar actions in ten other districts. *See* Transcript of Court Conference dated June 26, 2018, p. 2, attached as Exhibit "C" to the Affirmation of Martin H. Kaplan, Esq. annexed hereto (hereinafter, "Aff. MHK"). References to this transcript hereinafter will be noted, Tr. ___.

[5] "A double taxation treaty between Denmark and the United States allows for refund of tax withheld on dividends paid by Danish companies to U.S. pension plans, which are exempt from taxation." Complaint, ¶ 22 and Fn. 2.

3

defendants didn't own the shares they claimed to own, they did not earn the dividends they claimed to have earned, and they were not entitled to the tax refunds they claimed." (*See* ECF Doc. 1, the "Complaint", ¶¶ 3-4; 37[6])

At the time of the alleged wrongdoing by the Goldstein Plan and Goldstein, and through today, there has been no connection between the Goldstein Plan and Goldstein and any other Defendant. The transactions by the Goldstein Plan were arm's length market transactions through the Goldstein Plan's brokerage account at ED & F. This material fact is significant as it distinguishes the conduct of the Goldstein Plan and Goldstein from the other Defendants who, based upon SKAT's counsel's representations during the Court conference on June 26, 2018, are linked and likely a part of a scheme orchestrated by Sanjay Shah ("Shah").[7]

At all times, the Goldstein Plan, for which Goldstein acted as a trustee, engaged in the subject transactions through its brokerage account at ED & F, a registered broker-dealer in the United Kingdom ("U.K.").[8] ED & F has been regulated in the United Kingdom, and other European Economic Areas since 2001. ED & F is regulated by the Financial Conduct Authority (the "FCA").[9]

When the Goldstein Plan opened its account with ED & F it was required to sign various agreements governing the business relationship including, a Custody Agreement, Security and Set Off and International Swaps and Derivatives Association, Inc. Master Agreement. In addition,

---

[6] A copy of the Complaint is attached as Exhibit "A" to the Aff. MHK. annexed hereto.

[7] SKAT's counsel stated there is reason to believe that the "mastermind[]" of this whole alleged tax scheme was Shah. (Tr. 12- 13).

[8] None of the Goldstein Plan transactions were done through Solo Capital Partners, Sanjay Shah's entity.

[9] Pursuant to the Financial Services and Markets Act of 2000, as of April 1, 201 the United Kingdom regulatory system was restricted, replacing the Financial Services Authority, ED & F's former regulator, with two regulators, Prudential Regulatory Authority and the FCA.

4

the Goldstein Plan was provided with ED & F's Full Terms of Business. Each of these documents details as length both ED & F's obligations as well as the Goldstein Plan. Throughout the business relationship with ED & F, the Goldstein Plan engaged in securities transactions in accordance with U.K. securities laws and in reliance upon ED & F's compliance with law and regulation.

If SKAT had done a cursory review of the source documents memorializing the complained of transactions by the Goldstein Plan, SKAT would have realized that its allegations of fraud cannot be supported. As part of its regulatory requirements, ED & F are required to send customers confirmations for each transaction in the customer's account. The records from ED & F show that the Goldstein Plan had ownership of shares in its ED & F account in Danish companies which, SKAT alleges the Goldstein Plan never owned. As an example, ED & F provided the Goldstein Plan with a confirmation showing that the Goldstein Plan bought shares of Danske on March 18, 2014 with a settlement date of March 24, 2014.[10] ED & F thereafter transmitted a "Tax Voucher" to the Goldstein Plan showing that at of the "Record Date" of March 21, 2014, the Goldstein Plan owned the shares of Danske.[11] Clearly, there are no connections between the Defendants, Shah and the Goldstein Plan or Sheldon Goldstein.

There is no evidence that can be presented that the Goldstein Plan's transactions are part of a single transaction or a series of transactions with the other Defendants, as the joinder rules require. SKAT has made boilerplate allegations against all of the defendants as to how the tax scheme was effected in order to claim that each transaction was part of a single conspiracy. Apart from the Complaint's similar generic allegations, the Complaint contains no factual allegations

---

[10] A copy of the confirmation is attached as Exhibit "E" to the Aff. MHK annexed hereto.

[11] A copy of this confirmation is attached as Exhibit "F" to the Aff. MHK. annexed hereto.

5

that link the Goldstein Plan and Goldstein with the other Defendants. Evidence will show that the facts and questions of law relating to the Goldstein Plan and Goldstein are materially different from the other Defendants and as a result, this matter should be severed from the other cases brought by SKAT.

## ARGUMENT

Under Rule 21 of the Federal Rules of Civil Procedure, a trial court may, on motion or on its own, "sever any claim against a party". Fed. R. Civ. P. 21. "The decision whether to grant a severance motion is committed to the sound discretion of the trial court." *In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, 214 F.R.D. 152, 155 (S.D.N.Y. 2003), citing *New York v. Hendrickson Bros., Inc.*, 840 F.2d 1065, 1082 (2d Cir. 1988). In addition, Rule 42(b) provides that the court may order a separate trial of one or more separate claims "[f]or convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). Under either Rule, the courts consider: "(1) whether the claims arise out of the same transaction or occurrence; (2) whether the claims present some common questions of law or fact; (3) whether settlement of the claims or judicial economy would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5) whether different witnesses and documentary proof are required for the separate claims." *In re Merrill Lynch*, 214 F.R.D. at 154–155; *see also N. Jersey Media Grp. Inc. v. Fox News Network, LLC*, 312 F.R.D. 111, 114 n.5 (S.D.N.Y. 2015) ("Courts consider the same factors when evaluating whether to order separate trials of separate issues or claims under Federal Rule of Civil Procedure 42(b)."). "Courts within this Circuit have stated that '[s]everence requires the presence of only one of these conditions.'" *N. Jersey Media Grp., Inc.*, 312 F.R.D. at 114-115, citing *Cestone v. General Cigar Holdings, Inc.*, No. 00 Civ. 3686 (RCC), 2002 WL 424654, at *2

(S.D.N.Y. March 18, 2002) (citation omitted). Here, all five factors support granting severance of SKAT's claims against the Goldstein Plan and Goldstein.

### I. THE CLAIMS DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE

Rule 20 permits defendants to be joined in one action, provided that "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "[], not only must there be a common question, but also the 'right to relief' must arise from the 'same transaction' or 'series of transactions.'" *Kenvin v. Newburger, Loeb & Co.*, 37 F.R.D. 473, 475 (S.D.N.Y. 1965) (finding joinder improper where alleged wrongdoing was identical, but transactions were distinct and unrelated). The fact that plaintiffs have alleged that all defendants violated the law in the same way against the same plaintiff does not satisfy the standard for joinder under Rule 20. *See Precision Assocs., Inc. v. Panalpina World Transp., (Holding) Ltd.*, No. CV-08-42 (JG)(VVP), 2013 WL 6481195, at *41 (E.D.N.Y. Sept. 20, 2013), *report and recommendation adopted*, 2014 WL 298594 (E.D.N.Y. Jan. 28, 2014) (finding, "[t]he fact that the defendants may be guilty of conduct that violates the antitrust laws in identical ways in similar factual circumstances does not connect that misconduct."); *Nassau Cnty. Ass'n of Ins. Agents, Inc. v. Aetna Life & Casualty Co.*, 497 F.2d 1151, 1154 (2d Cir. 1974) (refusing to join 164 defendants in one action where plaintiffs alleged antitrust violations against all defendants but there was no allegation of conspiracy or other concert of action and thus no connection between the defendants' practices); *In re Merrill Lynch*, 214 F.R.D. at 154–55 (severing claims in part because the "complaint['s allegations of conspiracy pled] very little in the way of concrete connection between"

7

the defendants); *SBO Pictures, Inc. v. Does,* No. 12 Civ. 3925 (SAS), 2012 WL 2034631, at *1 (S.D.N.Y. June 5, 2012) ("the allegation that defendants have merely committed the same violation in the same way does not satisfy the standard for permissive joinder because there are no litigation economies to be gained from trying what are in essence [twenty] different cases together and there is no evidence that the [ ] defendants conspired or coordinated their activities in any way.")

In this case, SKAT's claims arise out of an alleged tax rebate scheme in which each of the defendants, including the Goldstein Plan and Goldstein, allegedly submitted fraudulent tax repayment applications. The Complaint alleges that each defendant provided SKAT information and documentation to show that they had owned shares of certain Danish companies at the time dividends were paid. Pursuant to Danish tax law, foreign pension plans are entitled to a tax claim relief payment on Danish company dividends. (Complaint, ¶¶ 21-22; 26-28). Plaintiff alleges there were over 300 entities that engaged in this conduct (Complaint, ¶¶ 3; 32), however, offers no facts to demonstrate that the Goldstein Plan's transactions were part of a single transaction with the other Defendants, had any connection to the other Defendants or any other facts to establish a conspiracy. Moreover, upon information and belief, virtually all of the other Defendants whose cases have been consolidated were connected to Shah (and/or an entity he controlled). Alone, this fact is material enough to support severance of this action.

SKAT's boilerplate allegations against the Goldstein Plan and Goldstein disregards material facts relating to the relevant transactions. Such facts demonstrate that the Goldstein Plan's transactions are unrelated to the alleged Shah scheme. As in *Kenvin,* such allegations alone are insufficient to meet the standard for common question for joinder.

8

## II. THE CLAIMS PRESENT DIFFERENT QUESTIONS OF FACT AND LAW AND WILL REQUIRE DIFFERENT TESTIMONY AND DOCUMENTARY PROOF

Another primary factor in determining whether severance is appropriate is whether the claims present common questions of law or fact. There are limited common questions of fact as to the claims against the Goldstein Plan and Goldstein and other Defendants. The Goldstein Plan's transactions were arm's length transactions through ED & F. As a registered broker-dealer, ED & F has statutory and regulatory obligations with the U.K. Financial Conduct Authority relating to the execution of customer orders, operations for locating stock for customers, reporting customer orders to the marketplace and to the customer on confirmations and account statements. This business relationship, course of conduct and the attendant statutory and regulatory requirements make the Goldstein Plan's transactions materially different legally and factually from the other Defendants who, upon information and belief, generally placed their transactions through Shah's entity.

Although there could be potential overlap in questions of law relating to the alleged violation of Danish law, such commonality is insufficient to deny severance. *See S.E.C. v. Pignatiello,* No. 97 Civ. 9303 (SWK), 1998 WL 293988, at *3 (S.D.N.Y. June 5, 1998) (granting severance of two claims involving alleged violations of Section 10(b) and Rule 10b-5, where each scheme involved different co-defendants, different common stock, a different contract and a different method of compensation, and the only similarities were that both schemes were organized by the defendant and aided and abetted by the same individuals.)

In the instant action, the allegations against the defendants relate to different stocks, different dates, different amounts, different principals, and different applications submitted for tax repayment. Moreover, the manner in which the Goldstein Plan's transactions were effectuated,

9

e.g. through a registered broker-dealer, is factually and legally distinguishable. As such, these facts weigh in favor of granting severance.

Severance is appropriate under Rule 21 when different witnesses and documentary proof are required for the separate claims. Resolving SKAT's claims against the Goldstein Plan and Goldstein will require the presentation of different witnesses and documentary proof relating to the transactions, operations and statutory and regulatory requirements of ED & F Man through which the Goldstein Plan conducted the subject transactions. Specific evidence, testimony and legal analysis specific to the highly regulated broker-dealer industry will be presented. This evidence is specific to the Goldstein Plan and Goldstein and has no relevance to other Defendants. *See Pignatiello*, 1998 WL 293988, at *4 (finding severance warranted in part because the "two schemes appear[ed] to require the testimony of different witnesses and different documentary proof.").

While there may be some witnesses, who by virtue of their role with SKAT, may be required to testify at more than one trial, this is likely a small part of the testimony that will be presented. More expansive testimony will be presented relating to the documents and business relationship and course of conduct between the Goldstein Plan and Goldstein and ED & F and expert testimony relating to the regulated broker-dealer industry. Accordingly, because of the limited overlap in facts, legal questions, testimony and documentary proof, severance is appropriate.

### III. SEVERANCE IS NECESSARY TO PREVENT JURY CONFUSION AND PREJUDICE

Severance is appropriate where a joint trial "could lead to confusion of the jury." *Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 265 (D. Conn. 2012). Courts have "broad discretion to sever claims and parties, so long as in doing so the Court furthers the aims of justice,

promotes judicial economy and efficiency, and avoids prejudicing the rights of any party." *In re Merrill Lynch, supra* at 155.

Absent severance, the Goldstein Plan and Goldstein will be substantially prejudiced. As noted herein, there are material factual differences between the Goldstein Plan and Goldstein and the other Defendants. Due to the vast amount of evidence (*i.e.*, testimony) that SKAT will likely introduce relating to "commonality" amongst the other Defendants and the alleged fraudulent scheme orchestrated by Shah, a fact finder will have considerable difficulty parsing out what limited evidence, if any, may be relevant to the Goldstein Plan and Goldstein. Moreover, SKAT has requested a trial by jury. (*See* Complaint, p. 1). In evaluating the testimony and evidence, the jury will likely be instructed to disregard vast amounts of the testimony and evidence that is inapplicable to the Goldstein Plan's brokerage account maintained by a U.K. broker-dealer. It is unlikely a jury could do that.

Without severance, the Goldstein Plan and Goldstein run the high risk of facing suggestions of liability by association which are prejudicial when a separate factual analysis of the business practices, relationships and attendant statutory and regulatory requirements are necessary to evaluate the conduct of the Goldstein Plan and Goldstein. *See Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154 (S.D.N.Y. 2009) (finding, in a complex case, "the many different defendants who are alleged to have harmed Plaintiff, and the significant differences between Plaintiff's claims against [a particular defendant] and his claims against other defendants, there is a is a risk that trying all of Plaintiff's claims in a single trial could lead to guilt by association and spillover prejudice") (citation omitted).

### IV. JUDICIAL ECONOMY WILL BE SERVED BY SEVERANCE

In this case, severance will promote judicial efficiency by avoiding irrelevant evidence and testimony inapplicable to the Goldstein Law Plan and Goldstein. In so doing, the court will avoid constantly cautioning a jury in a combined trial to not consider evidence which will be irrelevant or inadmissible against the Goldstein Plan and Goldstein. *See Cestone*, 2002 WL 424654, at *3 (granting severance in part because separate trials will serve the interests of judicial efficiency)

### CONCLUSION

For all of the foregoing reasons, the Goldstein Plan and Goldstein action should be severed and allowed to proceed as an independent action.

Dated: New York, New York
August 13, 2018

                                            GUSRAE KAPLAN NUSBAUM PLLC

                                            By: _____
                                            Martin H. Kaplan, Esq.
                                            mkaplan@gusraekaplan.com
                                            120 Wall Street
                                            New York, New York 10005
                                            Tel: (212) 269-1400
                                            Fax: (212) 809-4147

                                            *Attorneys for Defendants The Goldstein Law*
                                            *Group PC 401(K) Profit Sharing Plan and*
                                            *Sheldon Goldstein*