UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re SKAT TAX REFUND SCHEME LITIGATION<br><br>This document relates to:1:18-cv-05053-LAK | MASTER DOCKET<br>18-CV-04047 (LAK)<br><br>**AFFIRMATION OF MARTIN H. KAPLAN IN FURTHER SUPPORT OF THE GOLDSTEIN LAW GROUP PC 401(K) PROFIT SHARING PLAN AND SHELDON GOLDSTEIN'S <u>MOTION TO SEVERANCE</u>** |
|---|---|

Martin H. Kaplan, being duly sworn, deposes and says:

1. I am the Managing Member of Gusrae Kaplan Nusbaum PLLC, counsel for the defendants the Goldstein Law Group PC 401(K) Profit Sharing Plan (the "Goldstein Plan") and Sheldon Goldstein ("Goldstein")(collectively, the "Goldstein Defendants") in the instant matter.

2. I submit this affirmation in support of the Goldstein Defendants' motion to sever.

3. The above-captioned action was brought by plaintiff, SKAT, for alleged fraud in connection with claims for repayments of tax rebates applied for by the Goldstein Plan and approximately 138 other defendants, 49 who were allegedly paid by SKAT are being pursued by plaintiff in this Court.

4. The complaint (the "Complaint") in the above-captioned action was electronically filed in this Court on June 6, 2018. (NYSD ECF Docket No. 1).[1]

5. The Complaint filed against the Goldstein Defendants is one of forty-eight other complaints filed in this district by SKAT alleging what plaintiff contends are similar claims.

6. I appeared at a conference held by the Court on June 26, 2018 (the "Conference").

---

[1] A true and complete copy of the Complaint electronically filed on June 6, 2018 is annexed hereto as Exhibit "A."

7. At the Conference, counsel for plaintiffs identified that forty-nine actions have been filed in this district including the instant case, as well as similar actions filed in ten other districts.[2]

8. At the Conference, plaintiff's counsel set forth the commonality amongst the facts of the various cases pending in this district including, having filed the same forms, same power of attorneys, same proof of ownership, or purported proof of ownership and all defendants got refunds back in return.[3]

9. Plaintiff's counsel further identified that there is reason to believe that an individual, one, Sanjay Shah "masterminded" the alleged fraud. Plaintiff's counsel further represented that it does appear that there was a common source of the idea.[4]

10. On June 26, 2018, the Court issued Pretrial Order No. 1 (the "Order") consolidating the actions in this district for pretrial purposes.[5]

11. On July 23, 2018 plaintiff's counsel filed a 28 U.S.C. § 1407 (the "MDL Motion").

12. The Order was without prejudice to the rights of any party to move to sever any claim or action.[6]

13. The motion to sever is made pursuant to Fed.R.Civ.P. 21.

14. The Goldstein Plan's transactions upon which SKAT's claims are based are materially distinguishable from the facts relating to the transactions by the other defendants.

15. The Goldstein Plan's transactions occurred in a brokerage account with ED & F

---

[2] *See* Letter dated June 27, 2018 from Plaintiff's counsel to the Court setting forth a list of all pending cases filed by SKAT in other federal district courts. A copy of the letter is attached as Exhibit "B."

[3] Tr. p. 10, lines 2-11. All further references herein to the transcript from the Conference will be identified as Tr. p. ___, lines ___. A copy of the transcript is attached hereto as Exhibit "C."

[4] Tr. p. 12-13, lines 8-10; 20-24; 23-25.

[5] A copy of the Order is attached hereto as Exhibit "D."

[6] Order, ¶ 6.

2

Man Capital Markets, Ltd. ("ED & F"), a broker-dealer registered with the Financial Conduct Authority in the United Kingdom and subject to statutory and regulatory requirements.

16. The factual recitation relating to the business relationship, course of conduct, arm's length transactions and lack of connection to other defendants or persons purportedly involved in the alleged scheme are set forth in the accompanying affidavit of Sheldon Goldstein ("Goldstein Affidavit"), and incorporated herein by reference.

17. Indicative of the transactions executed by ED & F for the Goldstein Plan are the confirmations of the Goldstein Plan's purchase of shares of Danske on March 18, 2014 and the ED & F Tax Voucher showing the Goldstein Plan was the owner of the Danske shares on the record date of March 21, 2014.[7]

18. The Goldstein Plan's transactions are not part of the "Shah scheme." The Goldstein Defendants do not fit plaintiff's counsel's description of the wrongful conduct.

19. The Complaint contains no factual allegations that link the Goldstein Defendants to any other defendant.

20. Different questions of fact and law pertain to the Goldstein Defendants relating to the Goldstein Plan's transactions in its regulated brokerage account and its activity.

21. Documents and testimony will be presented to show the statutory and regulatory framework governing transactions in a brokerage account, and the course of conduct between the Goldstein Defendants and the transacting broker-dealer. This evidence will be irrelevant to the other defendants.

22. A fact finder would have substantial difficulty evaluating the evidence presented that uniquely relates to the Goldstein Defendants if such evidence was introduced along with the

---

[7] A true and correct copy of the confirmation for the Danske share purchase and the Tax Voucher are attached as Exhibits "E" and "F" respectively.

3

evidence against the other 48 defendants that plaintiff alleges have common questions of fact and law.

23. Noteworthy, is the Goldstein Plan's intention to bring counterclaims against plaintiff, SKAT. Mr. Shah or his compatriots have no relationship to the Goldstein Defendants. The counterclaims will further separate the Goldstein Defendants from the forty-eight other defendants, and further compels severance.

24. Absent a separate action, the Goldstein Defendants will be irreparably prejudiced by being lumped-in with the other defendants that allegedly share common factual connections.

25. No previous application for the relief requested herein has been made.

26. WHEREFORE, for the foregoing reasons, it is respectfully requested that the Court issue an order in favor of the Goldstein Defendants, to wit; severing the action and claims against them from the consolidated action to proceed as a separate action.

Executed on August 13, 2018

Respectfully,

Martin H. Kaplan, Esq.