*Bemærkninger til §23 Skt 1 Aktieavancebeskatningsloven - L78 fremsat den 16 november 2005 gennemført ved lov nr 1413 af 21 december 2005*

*Til § 23*

Til stk. 1

Bestemmelsen fastslår, at gevinst og tab på aktier skal medregnes ved indkomstopgørelsen efter realisationsprincippet.

Gevinst og tab skal medregnes i det indkomstår, hvor realisationen sker, dvs. i det indkomstår, hvor afståelsen, jf. definitionen i § 30, har fundet sted.

Det afgørende for fastlæggelse af *afståelsestidspunktet* er, hvornår der foreligger en endelig og bindende aftale om afståelsen. For aktier, der er handlet på børsen, vil det være børsnotaens dato (handelsdatoen), der lægges til grund.

Sker overdragelsen ved gave eller arveforskud, er det afgørende tidspunkt det tidspunkt, hvor modtageren underrettes.

For så vidt angår likvidationsudlodninger i det kalenderår, hvori selskabet endeligt opløses, er tidspunktet for selve udlodningen og ikke beslutningen om likvidation eller selskabets endelige opløsning afgørende for fastlæggelsen af afståelsestidspunktet.

Reglen om, at det er udlodningstidspunktet, der er afgørende for fastlæggelsen af afståelsestidspunktet, gælder, når der er tale om en solvent likvidation, og der dermed sker en udlodning til aktionærerne. Er der tale om opløsning af selskabet, uden at der sker en udlodning (konkurs eller tvangsopløsning), er det tidspunktet for selskabets endelige opløsning, der er afgørende for fastlæggelsen af afståelsestidspunktet.

Derudover kan fastlæggelsen af *erhvervelsestidspunktet* have en betydning, f.eks. i forbindelse med ny lovgivning. Også her er det afgørende, hvornår der foreligger en endelig og bindende aftale om erhvervelsen. For aktier, der er handlet på børsen, vil det være børsnotaens dato (handelsdatoen), der lægges til grund.

Sker overdragelsen ved gave eller arveforskud, er det afgørende tidspunkt underretningen af modtageren. Ved arv anses aktierne for erhvervet på udlodningstidspunktet, medmindre aktierne udloddes med succession.

Er der tale om aktier, som tegnes i forbindelse med stiftelsen af et selskab, anses aktierne for anskaffet ved stiftelsen af selskabet. I de tilfælde, hvor selskabet stiftes med tilbagevirkende kraft, anses aktierne dog for anskaffet på tidspunktet for stiftelsesoverenskomstens underskrift.

For aktier, der ikke er omfattet af §§ 8-9 (almindelige aktier ejet af selskaber m.v.), foreslås en ændring af erhvervelsestidspunktet for så vidt angår:
1) tildelte tegningsretter med adgang til tegning til favørkurs,
2) aktier, der erhverves til favørkurs på grundlag af tildelte tegningsretter,
3) tildelte aktieretter,
4) aktier, der erhverves ved udnyttelse af tildelte aktieretter, og
5) aktier, der erhverves på grundlag af købte aktie- og tegningsretter.

For tildelte retter m.m. ændres erhvervelsestidspunktet fra moderaktiens erhvervelsestidspunkt til tildelingen/tegningen/udnyttelsen. De gældende regler, jf. § 5, stk. 3 og 4, samt § 6, stk. 5, i den nuværende aktieavancebeskatningslov, om samme erhvervelsestidspunkt som moderaktien videreføres således ikke for denne kategori af aktier. For aktier erhvervet på grundlag af købte retter ændres erhvervelsestidspunktet fra købstidspunktet til tegningen/udnyttelsen.

EXHIBIT 12

Baggrunden for ændringen er den foreslåede ændring af reglen om ejertid, dvs. for personer ophævelsen af den forskellige skattemæssige behandling af gevinst og tab alt efter om aktierne havde været ejet i mindre end tre år eller i tre år eller mere. Når reglen om ejertid for personer ophæves, så er begrundelsen for at tillægge ejertid tilbage i tid ikke længere til stede. Ændringen vil derudover også medføre en større sammenhæng mellem anskaffelsestidspunkt og adgangen til at anvende indgangsværdier. De gældende regler har således ført til den konstruktion, at fondsaktier, der er erhvervet efter den 19. maj 1993 på grundlag af aktier erhvervet før den 19. maj 1993, nok anses for erhvervet før den 19. maj 1993 (samtidig med moderaktien), men uden adgang til at anvende handelsværdien den 19. maj 1993 i stedet for anskaffelsessummen.

For aktier, der ikke er omfattet af §§ 8-9 (almindelige aktier ejet af selskaber m.v.) gælder herefter følgende:

Erhverves aktierne i forbindelse med en forhøjelse af selskabets kapital, anses aktierne for erhvervet ved tegningen. Tegningstidspunktet vil i almindelighed være det tidspunkt, hvor generalforsamlingen eller eventuelt bestyrelsen efter generalforsamlingens bemyndigelse har truffet beslutning om udvidelse af aktiekapitalen.

Tildelte tegningsretter anses for ==anskaffet på retserhvervelsestidspunktet.== Dette vil normalt være det tidspunkt, hvor generalforsamlingen eller bestyrelsen efter generalforsamlingens bemyndigelse træffer beslutning om tildeling af tegningsretter. Er tildelingen suspensivt betinget, udskydes retserhvervelsestidspunktet til det tidspunkt, hvor betingelserne er opfyldt. Aktier, der erhverves ved udnyttelse af tildelte tegningsretter, anses for erhvervet ved tegningen.

Tildelte aktieretter anses for anskaffet på retserhvervelsestidspunktet. Aktier, der erhverves ved udnyttelse af tildelte aktieretter, anses for erhvervet ved udnyttelsen.

Købte aktie- eller tegningsretter anses for anskaffet ved købet af aktie- eller tegningsretterne. Aktier, der erhverves ved udnyttelse af disse retter, anses for erhvervet ved udnyttelsen/tegningen.

Købte tegningsretter til konvertible obligationer og købte konvertible obligationer anses for erhvervet ved købet. Konvertible obligationer, der erhverves ved udnyttelse af en tildelt tegningsret og konvertible obligationer, der erhverves ved udnyttelse af en købt ret til at tegne konvertible obligationer, anses for erhvervet på udnyttelsestidspunktet. Erhverves den konvertible obligation i forbindelse med udstedelsen, uden at dette sker ved udnyttelse af en tegningsret, anses den konvertible obligation for erhvervet ved udstedelsen. Aktier, der erhverves ved konvertering af konvertible obligationer, anses for erhvervet på konverteringstidspunktet.

For tildelte tegningsretter til konvertible obligationer gælder det samme som for tildelte tegningsretter til aktier.

For aktier, der er omfattet af §§ 8-9 (almindelige aktier ejet af selskaber m.v.), gælder stadig følgende:

Erhverves aktierne i forbindelse med en forhøjelse af selskabets kapital til en kurs, der svarer til eller ligger over aktiernes markedskurs, anses aktierne for erhvervet ved tegningen. Sker kapitalforhøjelsen til favørkurs, anses aktier, der erhverves på grundlag af tildelte tegningsretter, for erhvervet samtidig med den eller de moderaktier, som retten og dermed aktien knytter sig til.

Tildelte tegningsretter til aktier anses for erhvervet på samme tidspunkt som den eller de moderaktier, retten knytter sig til, såfremt tegningsretten giver ret til tegning af aktier til favørkurs, jf. § 10. Andre tildelte tegningsretter til aktier anses for anskaffet på retserhvervelsestidspunktet.

Tildelte aktieretter og aktier, der erhverves ved udnyttelse af tildelte aktieretter, anses for erhvervet på samme tidspunkt som den eller de moderaktier, retten knytter sig til, jf. § 10.

Købte aktie- eller tegningsretter og aktier, der erhverves ved udnyttelse af disse retter, anses for anskaffet ved købet af aktie- eller tegningsretterne. Hvis aktie- eller tegningsretter anskaffes til supplering af tildelte retter, anses en forholdsmæssig del af de nye aktier for erhvervet ved anskaffelse af den yderligere ret.

Købte tegningsretter til konvertible obligationer og købte konvertible obligationer anses for erhvervet ved købet. Konvertible obligationer, der erhverves ved udnyttelse af en tildelt tegningsret, anses for erhvervet på samme tidspunkt som moderaktien. Konvertible obligationer, der erhverves ved udnyttelse af en købt ret til at tegne konvertible obligationer, anses for erhvervet på tidspunktet for købet af tegningsretten. Erhverves den konvertible obligation i forbindelse med udstedelsen, uden at dette sker ved udnyttelse af en tegningsret, anses den konvertible obligation for erhvervet ved udstedelsen. Aktier, der erhverves ved konvertering af konvertible obligationer, anses for erhvervet på samme tidspunkt som den konvertible obligation.

For tildelte tegningsretter til konvertible obligationer gælder det samme som for tildelte tegningsretter til aktier.