

# Redegørelse om SKATs samarbejde med politi og anklagemyndighed

## Juni 2016



EXHIBIT 14

mellem SKAT og andre offentlige myndighed, herunder samarbejde med politi og anklagemyndighed. Disse er medtaget i bilag 4.

# 7 Udveksling af oplysninger

## 7.1 SKATs adgang til at indhente og udveksle oplysninger[17]

### 7.1.1 Indsamling af oplysninger

SKAT må alene indsamle oplysninger, som sigter mod at løse opgaver, som falder inden for SKATs kompetence og oplysningerne må ikke senere bruges til andre formål, der er uforenelige hermed. SKAT må eksempelvis ikke i forbindelse med varekontrollen i Københavns Lufthavn indsamle og efterfølgende videregive oplysninger i et oplysningsskema fra NEC om forhold vedrørende fysiske personer, der kan sættes i forbindelse med prostitution/menneskehandel til NEC. Hvis SKAT imidlertid som led i varekontrollen gør tilfældighedsfund, der giver anledning til en konkret mistanke om en lovovertrædelse som varekontrollen ikke er rettet imod, er reglerne ikke til hinder for, at SKAT kan videregive oplysninger herom eller tilkalde politiet.

Når en skattesag overgår til at blive en skattestraffesag skal SKAT være opmærksom på, at SKATs mulighed for at indhente oplysninger ved anvendelse af tvangsindgreb og oplysningspligter i skattelovgivningen begrænses, jf. reglerne i retssikkerhedslovens §§ 9 og 10, som omtalt ovenfor, afsnit 6.2.2.

### 7.1.2 Medarbejderens adgang til oplysninger

En medarbejder i SKAT må alene have adgang til de oplysninger, den pågældende har behov for i sine konkrete arbejdsopgaver for SKAT, dvs. de arbejdsopgaver, hvor SKAT som arbejdsgiver har instruktionsbeføjelsen[18] og hvor SKAT har bedt medarbejderen om at udføre disse.

### 7.1.3 Tavshedspligt

Medarbejdere i SKAT er omfattet af den almindelige tavshedspligt i straffeloven og en skærpet tavshedspligt i medfør af skatteforvaltningslovens § 17. Tavshedspligten er ikke til hinder for at der kan videregives oplysninger fra skattemyndighederne til andre offentlige myndigheder.

---

[17] En kort gennemgang af reglerne for indsamling og videregivelse af oplysninger fremgår af bilag 2.
[18] Om instruktionsbeføjelse fremgår følgende af SKATs adfærdskodeks af 4. maj 2016: "*Det følger imidlertid af almindelige principper om ledelsesret og instruktionsbeføjelse, at den overordnede kan give ordrer til underordnede medarbejdere. Det ligger således i sagens natur, at det i sidste ende er ledelsen, der om nødvendigt tager stilling til forskellige tvivlsspørgsmål af f.eks. retlig eller økonomisk karakter. Instruktionsbeføjelsen betyder, at den ansatte skal følge en tjenstlig ordre (lydighedspligten). Hvis den ansatte ikke følger en ordre, kan ansættelsesmyndigheden påtale det og om nødvendigt gøre ansættelsesretligt ansvar gældende.*"

### 7.1.4  Videregivelse af oplysninger

SKAT kan, jf. persondatalovens[19] § 6, videregive ikke-fortrolige og almindelig fortrolige personoplysninger til politi og anklagemyndighed og vice versa, når der videregives de konkrete oplysninger, som er nødvendige som led i SKATs eller politi/anklagemyndighedens myndighedsudøvelse eller som er nødvendige for at overholde en retlig forpligtelse, som påhviler den dataansvarlige myndighed. Det følger af kravet om nødvendighed, at det ikke er berettiget rutinemæssigt at videregive personoplysninger samt, at den afgivende myndighed ikke blot kan oversende hele sagen, således at det er op til den myndighed, der skal modtage oplysningerne, selv at gennemgå denne med henblik på at vurdere, hvilke oplysninger der måtte være relevante.

SKAT kan, jf. persondatalovens § 7, stk. 2 og 6, videregive personoplysninger om racemæssig eller etnisk baggrund, politisk, religiøs eller filosofisk overbevisning, fagforeningsmæssige tilhørsforhold og oplysninger om helbredsmæssige og seksuelle forhold til politi og anklagemyndighed og vice versa, hvis videregivelsen er en forudsætning for, at enten den afgivende eller den modtagende myndighed kan træffe en korrekt forvaltningsafgørelse, eller når videregivelse af oplysningen er nødvendigt af hensyn til myndighedernes varetagelse af deres opgaver på det strafferetlige område.

SKAT kan, jf. persondatalovens § 8, stk. 2, videregive personoplysninger om strafbare forhold, væsentlige sociale problemer og andre rent private forhold end de i § 7, stk. 1, nævnte til politi og anklagemyndighed og vice versa, hvis videregivelsen er nødvendig for, at myndigheden kan udføre sine opgaver, eller er påkrævet for en afgørelse som myndigheden skal træffe.

SKAT kan desuden, jf. forvaltningslovens § 28, stk. 2, videregive fortrolige oplysninger om juridiske personer til politi og anklagemyndighed og vice versa, hvis der er et sagligt behov herfor, og oplysningen vil være af væsentlig betydning for myndighedens virksomhed, eller for en afgørelse myndigheden skal træffe.

### 7.1.5  Pligt til at oplyse den registrerede om videregivelse af oplysninger

Efter persondatalovens §§ 28 og 29 skal en forvaltningsmyndighed, der indsamler oplysninger om en fysisk person - enten direkte fra vedkommende eller fra tredjemand - som udgangspunkt give den pågældende oplysninger herom. Ved udveksling af oplysninger mellem myndigheder påhviler oplysningspligten modtageren af oplysninger. Undtagelser fra oplysningspligten findes i persondatalovens § 28, stk. 2, § 29, stk. 2 og 3 samt § 30.

Om oplysningspligten i forhold til politiets og anklagemyndighedens virksomhed fremgår følgende af Justitsministeriets vejledning nr. 9858 af 12. november 2003 om offentlige myndigheders udveksling af personoplysninger som led i den koordinerede myndighedsindsats over for rockeres kriminalitet, afsnit 2.4.2.4.:

*"Efter persondataloven har de berørte personer som udgangspunkt krav på at blive underrettet, hvis der i medfør af denne lov videregives oplysninger om dem. De nærmere regler herom findes i persondatalovens §§ 28 og 29.*

---

[19] Lov om behandling af personoplysninger, lov nr. 429 af 31. maj 2000.

*Reglerne herom gælder imidlertid ikke politiets og anklagemyndighedens virksomhed på det strafferetlige område."*

## 7.2   SKATs Døgntjeneste - udveksling af oplysninger

SKATs Døgntjeneste er nationalt kontaktpunkt for danske myndigheder. Det betyder bl.a., at døgntjenesten er det sted andre myndigheder skal henvende sig, når de anmoder SKAT om videregivelse af oplysninger, medmindre anmodningen vedrører en konkret sag, som SKAT og den anden myndighed samarbejder om. Døgntjenesten er desuden kontaktpunkt for udenlandske myndigheder (kompetent myndighed) på toldområdet, og dermed det sted udenlandske myndigheder skal henvende sig, når de anmoder SKAT om oplysninger på toldområdet.

Ved videregivelse af oplysninger registreres videregivelsen i Døgnrapporten. Borger- og retssikkerhedschefen har fået oplyst, at det alene er Døgntjenestens medarbejdere, der har adgang til Døgnrapporten og at følgende data registreres ved videregivelse af oplysninger:
- hvilken myndighed der har henvendt sig,
- hvilke oplysninger der er hentet fra hvilket SKAT system og videregivet,
- til hvilket formål oplysningerne er indhentet
- eventuel mailkorrespondance vedhæftes.

## 7.3   Borger- og retssikkerhedschefens bemærkninger

Borger- og retssikkerhedschefen har observeret, at udveksling af oplysninger mellem SKAT og politi og anklagemyndighed ikke altid er begrænset til de konkrete, nødvendige oplysninger fra en sag. Der gives i nogle tilfælde adgang til hele sager eller mange dokumenter eksempelvis:
- efter ransagninger, når SKAT gennemgår alle de indhentede koster for at udvælge, hvilke dokumenter eller konkrete oplysninger er relevante, hvorefter disse udveksles.
- videregives der i konkrete sager i nogle tilfælde oplysninger mellem SØIK og SKAT på en måde, der har karakter af at være rutinemæssig.

Der udveksles i nogle tilfælde oplysninger mellem SKAT og politi / anklagemyndighed inden der er sket anmeldelse, og således inden der er en konkret sag hos politi / anklagemyndighed. Som eksempler herpå kan nævnes prævisitation, hvor der udveksles oplysninger ved drøftelser mellem SKAT og politi / anklagemyndighed samt følgende, der fremgår af kontrolmanualen "Sager vedrørende straffelovens § 289/289a mv[20].":
- afsnit 2 - Forberedelse af kontrol: *"Kontakt til SØIK/politiet, hvis det skønnes relevant på dette tidlige tidspunkt, fx. grundet kendskab til eksistensen af anden politiefterforskning eller andet. Afklaring på eventuel fremadrettet politiefterforskning skal søges."* samt
- afsnit 3 - Gennemførelse af kontrollen: *"Løbende kontakt til SØIK/politiet med henblik på beslutning om, hvad der videre skal ske (ofte vil politiet kræve, at SKAT har udtømt egne kontrolbeføjelser førend sagen anmeldes)."*

---

[20] Kontrolmanualen er i maj 2016 blevet opdateret og titlen er ændret til "Sager vedrørende svigsbekæmpelse".

27

Borger- og retssikkerhedschefen har desuden fra konkrete enkeltsager kendskab til udveksling af oplysninger mellem SKAT og politi/anklagemyndighed, hvor det ikke er tydeligt med hvilken hjemmel udvekslingen sker.

Det er herudover Borger- og retssikkerhedschefens indtryk, at der ikke er helt klarhed over, i hvilken grad SKAT kan være involveret i politiets efterforskning, og dermed den udveksling af oplysninger der sker ved indhentelse og gennemgang af oplysninger.

Disse forhold finder Borger- og retssikkerhedschefen er retssikkerhedsmæssigt betænkelige for både borger /virksomhed og for SKATs medarbejder.

Borger- og retssikkerhedschefen finder det ud fra en retssikkerhedsmæssig vurdering væsentligt, at der fremadrettet er opmærksomhed på, at medarbejderne i SKAT, når der udveksles oplysninger, er bevidste om hvilken type af oplysninger der udveksles og dermed også hvilken hjemmel der er til den konkrete udveksling af oplysningerne.

Det er derfor Borger- og retssikkerhedschefens **anbefaling**, at det, når der udveksles oplysninger til politi og anklagemyndighed, dokumenteres, hvilke oplysninger der er videregivet og begrundelsen herfor, herunder hvilken konkret hjemmel der er til den pågældende udveksling af oplysninger.

# 8   Ransagning

Ransagning er et tvangsindgreb og et af politiets efterforskningsskridt i straffesager. Reglerne om ransagning i straffesager findes i retsplejelovens kap. 73, §§ 793 - 800.

Det fremgår desuden af skattekontrollovens § 19, stk. 2, kildeskattelovens § 78, stk. 2, toldlovens § 80, stk. 5 og opkrævningslovens § 19, at ransagning i sager om overtrædelse af henholdsvis skattekontrolloven, kildeskatteloven, toldloven og opkrævningsloven kan ske i overensstemmelse med retsplejelovens regler.

Lovbestemmelserne og SKATs retningslinjer for ransagning er gengivet i bilag 3.

## 8.1   SKATs retningslinjer

Borger- og retssikkerhedschefen kan konstatere, at SKATs retningslinjer for anvendelse af hjemlerne til ransagning i egne love (skattekontrolloven, kildeskatteloven, toldloven og opkrævningsloven) ikke er beskrevet klart eller entydigt:

Ifølge Den juridiske vejledning, afsnit A.C.3.1.2.1 og A.C.3.1.2.2:
− angives ransagningsbestemmelser (skattekontrollovens § 19, stk. 2 og kildeskattelovens § 78, stk. 2) også som hjemmel til at anmode om indenretslig afhøring af vidner, beslaglæggelse af befordringsmidler og andre straffeprocessuelle tvangsmidler.
− anvendes ransagningshjemlerne alene efter at en ansættelse er foretaget, og sagen er oversendt til vurdering af et eventuelt strafansvar.

28