UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

In re

CUSTOMS AND TAX ADMINISTRATION OF THE
KINGDOM OF DENMARK (SKATTEFORVALTNINGEN)          18-md-2865 (LAK)
TAX REFUND LITIGATION

This paper applies to: 18-cv-5053, 18-cv-5374, 18-cv-8655

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _3/19/2026_

**PRETRIAL ORDER NO. 68**
(*In Limine* Ruling – ED&F False Vouchers and Trading)

LEWIS A. KAPLAN, *District Judge.*

These three consolidated cases are scheduled for trial commencing on April 7, 2026. Plaintiff moves *in limine* to admit evidence of ED&F's false tax vouchers and underlying trading. The motion (Dkt 1953 in 18-md-2865; Dkt 458 in 18-cv-5053; Dkt 327 in 18-cv-5374; Dkt 307 in 18-cv-8655) is **GRANTED IN PART AND DENIED IN PART.**

1.      Plaintiff seeks a ruling that the FCA Final Notice is admissible.  Defendants concede that most of the document is admissible over hearsay objection by virtue of Federal Rule of Evidence 803(8) but object to what they characterize as the second hearsay links contained within paragraphs 4.18, 4.23-24, and 4.29, which quote internal ED&F documents.  They are correct in arguing that "Rule 803(8) does not circumvent the hearsay rule; any double hearsay contained in a report is admissible only if each level of hearsay qualifies independently for a hearsay exception."[1] As plaintiff points out, however, the relevant parts of each of the four cited paragraphs either are not offered for the truth of the matter asserted or are admissible under another hearsay exception.[2]

2.      Plaintiff seeks a determination that certain deposition testimony of ED&F's Rule 30(b)(6) witness, Andrew Wall, is admissible.  Defendants object that "Mr. Wall was not employed by ED&F at the time of the transactions at issue, and had no involvement with this matter until he prepared for his deposition."[3]  Accordingly, they argue, he lacked personal knowledge, and his testimony therefore would run afoul of Federal Rule of Evidence 602.

---

[1] *Lewis v. Velez*, 149 F.R.D. 474, 487 (S.D.N.Y. 1993).

[2] Pl.'s Reply Mem. Law Supp. MIL Admit Evid. ED&F False Tax Vouchers and Trading (Dkt 2012) at 4-5.

[3] Defs.' Mem. Law Opp'n Pl.'s MIL Admit Evid. ED&F False Tax Vouchers and Trading (Dkt 1988) at 6.

Defendants' argument is mistaken.  For one thing, information gained in preparation for a Rule 30(b)(6) deposition, as the case law cited by plaintiff shows, often constitutes personal knowledge within the meaning of Rule 602.[4]  That is especially the case here.  Mr. Wall, a compliance officer of ED&F, in 2021, reviewed trading records and other relevant ED&F materials and testified, most significantly, that ED&F's Dubai affiliate in at least some instances did not own the shares it purported to sell to pension plans, that the purported buyers therefore did not have the rights to dividends, and that certain tax vouchers ED&F issued to the purported buyers or their agents were incorrect.[5]  Testimony of that nature certainly is sufficient to come in under Rule 602.  Moreover, the nature of Mr. Wall's knowledge and preparation for the deposition is included in the proffered testimony and is not binding on these defendants because he was the Rule 30(b)(6) designee not of any of them but of ED&F, which no longer is a party to these cases.  Defendants therefore are at liberty to dispute the accuracy and persuasiveness of his testimony and offer contrary proof.

Mr. Wall's testimony, to the extent relevant and otherwise admissible, will be received notwithstanding defendants' Rule 602 objection.

3.    Plaintiff seeks a ruling that "ED&F's admissions [to the FCA] that the tax vouchers based on purported trading with its Dubai affiliate MPT Dubai were false" are admissible under the residual hearsay rule, Federal Rule of Evidence 807.[6]  Defendants argue that the materials are "double hearsay . . . not properly offered by [plaintiff] in its case-in-chief because no hearsay exception applies."[7]  Defendants' only response to plaintiff's residual hearsay argument, however, is the generalization that Rule 807 is "meant to 'be used very rarely, and only in exceptional

---

[4] *See* Pl.'s Mem. Law Supp. MIL Admit Evid. ED&F False Tax Vouchers and Trading (Dkt 1954) at 12 & n.6; Dkt 2012, at 7-8, 8 n.6.

[5] *See generally* Weinstein Decl. Supp. Pl.'s MIL Admit Evid. ED&F False Tax Vouchers and Trading, Ex. 4 (Dkt 1955-4); Dkt 1954, at 13.

[6] Dkt 1954, at 1; Dkt 2012, at 1.

[7] Dkt 1988, at 4.

Paradoxically, defendants at the same time argue that the same materials would have been admissible on their own third-party claims against ED&F. *Id.*  Their third-party complaints against ED&F, however, subsequently were dismissed for lack of personal jurisdiction. Mem. Opinion Dismissing Third-Party Compls. Against ED&F (Dkt 2003).    The admissibility of these materials on the third-party claims therefore is moot.

3

circumstances.'"[8] The generalization is accurate. The application is not for the reasons developed by plaintiff – in summary, that "[i]n the reports, ED&F admitted to its regulator (the FCA) that it wrongly issued 80 tax vouchers and that its former employees, *i.e.*, at least Whitehead, Foster, and Henstock, knew at the time the vouchers were false and would be submitted to SKAT. There is no reason to think that ED&F would have admitted as much if it were not true."[9] Even if Rule 807 were intended to be applied in these circumstances, doing so would be inappropriate because the point for which defendants would offer ED&F's reports could be proved by other evidence that plaintiff already has obtained.

    4.    Plaintiff broadly seeks rulings of admissibility with respect to business records and co-conspirator declarations. Defendants claim that there is no proof of any conspiracy and, while they acknowledge that many records are admissible under Rule 803(6), they may have objections as to particular documents. These matters are inappropriate subjects for *in limine* determination. Accordingly, plaintiff's request is denied without prejudice to assertion at trial.

SO ORDERED.

Dated:    March 19, 2026

Lewis A. Kaplan.
United States District Judge

---

[8]    Dkt 1988, at 4 (quoting *Parsons v. Honeywell, Inc.*, 929 F.2d 901, 907 (2d Cir. 1991)).

[9]    Dkt 1954, at 14; *see generally id.* at 13-17.